981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rex Eugene AUSTIN, Petitioner-Appellant,
v.
James A. THOMAS; Grant Woods, Attorney General, State of
Arizona, Respondents-Appellees.
 No. 92-15175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 23, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Austin appeals the district court's dismissal of his petition for writ of habeas corpus as an abuse of the writ.
 
 
 3
 Austin contends that the "cause and prejudice" standard made applicable to subsequent habeas petitions by McCleskey v. Zant, 111 S.Ct. 1454 (1991), cannot be applied to him. He argues that McCleskey announced a "new rule" within the meaning of Teague v. Lane, 489 U.S. 288 (1989), and thus cannot be retroactively applied. This court has already squarely rejected this argument. Harris v. Vasquez, 949 F.2d 1497, 1512 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992).
 
 
 4
 Austin contends that the ineffective assistance of his attorney in connection with his first habeas petition could suffice to establish cause under McCleskey. This argument, too, we have squarely rejected. Deutscher v. Whitley, 946 F.2d 1443, 1444 (9th Cir.1991) (following Coleman v. Thompson, 111 S.Ct. 2546, 2566-68 (1991)), vacated and remanded on other grounds, 113 S.Ct. 367 (1992).
 
 
 5
 Austin contends that, despite his abuse of the writ, this is one of those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime," McCleskey, 111 S.Ct. at 1470, and that we must here "exercise [our] equitable discretion to correct a miscarriage of justice." Id. at 1474. Having reviewed the record and considered Austin's arguments, we are not persuaded that the constitutional violations he alleges "caused the conviction of an innocent person." Id. at 1475.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3